# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MADU J. CHINELO,**

               **Plaintiff,**

**-vs-**                                    **Case No.  6:11-cv-45-Orl-28KRS**

**CITY OF DAYTONA BEACH, Florida,**
**MICHAEL CHITWOOD, Chief of Police,**
**and SGT. HARRIS of the Daytona Beach**
**Police Department,**

               **Defendants.**

_____

# ORDER

Plaintiff Madu Chinelo, appearing pro se, brings this case pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the Daytona Beach police.  The case is currently before the Court on the Amended Motion to Dismiss or in the Alternative Motion to Strike (Doc. 18) filed by Defendants Michael Chitwood and the City of Daytona Beach and the Amended Motion to Dismiss or in the Alternative Motion to Strike (Doc. 19) filed by Defendant Officer Harris.  Plaintiff has filed Responses (Docs. 30 & 31) to these motions.

## I.  Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## II. Discussion

In his Complaint, Plaintiff alleges that on or about September 24, 2007, he was seated in an open garage of a private residence when Defendant Harris and several other police officers entered the garage without a warrant.  Plaintiff further alleges that when he stepped out of the garage to retrieve identification from his vehicle as requested by the officers, the officers began searching the garage.  Plaintiff was then arrested for possession of cocaine and possession of drug paraphernalia.

Plaintiff alleges that he was arrested "in bad faith and [as a result of] violations of [his] Fourth Amendment Right to be free from illegal searches and seizures."  (Doc. 2 at 2).  He further alleges that he was falsely imprisoned and maliciously prosecuted, with the charges lacking in probable cause and the criminal case being ultimately terminated in his favor. Plaintiff brings claims against "Sergeant Harris," who has responded as "Officer Harris"; against the Chief of Police, Michael Chitwood; and against the City of Daytona Beach. Plaintiff alleges that Chitwood was responsible for setting policy in the City and that the police department has a practice and custom of consistently violating the Fourth Amendment.  He seeks punitive damages against all three Defendants.

In his motion, Defendant Harris asserts that the Complaint does not separate federal claims from state claims, nor does it otherwise separate the claims from one another; that the Complaint does not separate official capacity claims from individual capacity claims; and

that the Complaint generally asserts constitutional violations by Officer Harris along with other officers without identifying the actions of Officer Harris as opposed to the actions of the other officers.

In their motion, Chitwood and the City raise additional arguments, including that Chitwood is not alleged to have been present at the time of the incident and that the Complaint fails to state a cause of action against him in his individual capacity; that claims against Chitwood in his official capacity are redundant to the claims against the City; that no basis for municipal liability under 42 U.S.C. § 1983 has been adequately pleaded; that the state law claims should be dismissed for failure to provide timely notice as required by section 768.28(6)(a), Florida Statutes; and that the claims for punitive damages against the City should be stricken because such damages are not recoverable as a matter of law.

Some of Defendants' arguments are well-taken but others are not.  Plaintiff is appearing in this case pro se, and although his Complaint is more artfully drafted than many pro se complaints, Defendants are correct that in some respects the Complaint is deficient. The Court cannot tell how many constitutional violations or state law claims Plaintiff is attempting to assert, and the Defendants cannot be expected to ascertain the nature or number of claims either.  For example, Plaintiff has not alleged an expectation of privacy in the garage that could support claims grounded in an unreasonable search of the garage. Plaintiff also has not specified the actions of Officer Harris as opposed to those of other, unnamed officers, and thus it cannot be ascertained whether Plaintiff has adequately alleged

any claims against Officer Harris.[1]  Additionally, Plaintiff concedes that the notice he gave to the City was untimely; thus, Plaintiff may not now bring any state law claims against the City.[2]  Further, Defendants are correct that Plaintiff has not sufficiently alleged that a policy or practice led to any constitutional deprivation that Plaintiff may have suffered.  And, Plaintiff concedes that his request for punitive damages is improper.

Defendants' argument that the claims against Chitwood are superfluous to those of the City is without merit, however.  Plaintiff has plainly named Chitwood in his individual capacity only, and such individual capacity claims are not redundant of claims against a municipality.  Moreover, it appears that Harris is sued in her individual capacity only.

III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Amended Motion to Dismiss or in the Alternative Motion to Strike (Doc. 18) filed by Defendants Michael Chitwood and the City of Daytona Beach is **GRANTED in part** and **DENIED as moot in part**.  Insofar as the Complaint alleges state law claims against the City, the claims are **DISMISSED with prejudice**.  In all other respects, Plaintiff's claims are **DISMISSED without prejudice** and with leave to amend.  The motion to strike is **DENIED as moot**.[3]

---

[1]For example, the Complaint alleges that Plaintiff was arrested, but it does not state who arrested him.

[2]The failure to give notice does not, however, bar any state law claims Plaintiff might plead against the individual Defendants.

[3]Although the motions to strike are being denied as moot, if Plaintiff elects to amend his complaint he shall not replead claims for punitive damages against the City because such

2.  The Amended Motion to Dismiss or in the Alternative Motion to Strike (Doc. 19) filed by Defendant Harris is **GRANTED without prejudice** insofar as it seeks dismissal of the claims against Defendant Harris and is **DENIED as moot** insofar as it seeks to strike portions of the Complaint.  The claims against Defendant Harris are **DISMISSED without prejudice** and with leave to amend.

3.  Plaintiff may file an amended complaint that conforms to the rulings in this Order **on or before Friday, August 26, 2011**.

**DONE** and **ORDERED** in Orlando, Florida this 2nd day of August, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

———————————————

damages are not recoverable.