**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MADU J. CHINELO,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:11-cv-45-Orl-28KRS**

**CITY OF DAYTONA BEACH, MICHAEL CHITWOOD, SGT. HARRIS,**

        **Defendants.**
_____/

# ORDER

This cause is before the Court on the motions to dismiss (Docs. 40, 41, & 42) filed by Defendants Harris, Chitwood, and City of Daytona Beach, respectively. Defendants assert that the Second Amended Complaint (Doc. 37) filed by the *pro se* Plaintiff, Madu Chinelo, ("Plaintiff"), fails to state claims against them.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Thus, wildly implausible allegations in the complaint should not be taken as true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

In Count I, Plaintiff alleges that Defendant Harris conducted an unreasonable search of premises in violation of the Fourth Amendment; in Count II, he alleges a claim of malicious prosecution against Defendant Harris; and in Count III, he alleges that his person was unreasonably searched and seized by Defendant Harris. Defendant Harris challenges Counts I and II, asserting that the factual allegations of the Complaint are insufficient to put her on notice of the basis of the claims and that the allegations fail to state a claim. However, in light of Plaintiff's *pro se* status and the liberal construction to be afforded his Second Amended Complaint, the Court finds these counts sufficiently stated.

In Count IV, Plaintiff alleges a claim against Defendant Chitwood, the Chief of Police, for "develop[ing] a practice and custom of consistently violating the constitutional rights . . . and especially the Fourth Amendment within the African-American community" and that this practice and custom led to the constitutional violations committed by Defendant Harris in Counts I through III. Again, affording the *pro se* Plaintiff the benefit of a liberal construction, Count IV will be allowed to proceed.

Finally, in Count V, Plaintiff alleges a claim against the City for liability for "the acts of its employees . . . committed in bad faith." Although respondeat superior is not a basis for

imposing municipal liability under 42 U.S.C. § 1983, Plaintiff has alleged a practice and custom in Count IV against Defendant Chitwood.  Reading Count V in conjunction with and in light of Count IV, Count V will be permitted to proceed as a claim alleging municipal liability based on a practice or custom rather than respondeat superior.

Accordingly, it is **ORDERED** and **ADJUDGED** that the motions to dismiss (Docs. 40, 41, & 42) filed by Defendants Harris, Chitwood, and the City of Daytona Beach, respectively, are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of October, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party